# NO. 16-20742

_____

## UNITED STATES COURT OF APPEALS

*for the*

## FIFTH CIRCUIT

_____

**ISAAC ARON,**

*Lead Plaintiff and Appellee.*

**v.**

**CRESTWOOD MIDSTREAM PARTNERS LP, ET AL.,**

*Defendants and Appellees.*

**DAVID G. DUGGAN,**

*Objector and Appellant.*

_____

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE SOUTHERN DISTRICT OF TEXAS*
*DISTRICT COURT No. 4:15-cv-01367, HON. VANESSA D. GILMORE,*
*PRESIDING*

_____

**LEAD PLAINTIFF'S MOTION TO DISMISS AND FOR SUMMARY AFFIRMANCE**

_____

Date:  November 22, 2016                    THE BILEK LAW FIRM, L.L.P.
                                            Thomas E. Bilek

700 Louisiana, Suite 3950
Houston, TX  77002
Tel.: (713) 227-7720
Email: tbilek@bileklaw.com

FARUQI & FARUQI, LLP
Nadeem Faruqi
685 Third Avenue, 26th Fl.
New York, NY  10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

*Counsel for Lead Plaintiff and Appellee*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have a financial interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

The Bilek Law Firm, L.L.P.

Faruqi & Faruqi, LLP

Monteverde & Associates PC

Plaintiff-Appellee is not aware of Defendants' or Objector's financial interests in the outcome of this case, if any. Pursuant to 5th Cir. R. 28.2.1, the undersigned counsel further states that, upon information and belief, the following law firms and/or counsel represent Defendants-Appellees or Objector-Appellant:

Counsel for Defendants-Appellees

Barnes & Thornburg, L.L.P.

Vinson & Elkins, L.L.P.

K & L Gates, L.L.P.

Andrews Kurth Kenyon LLP

Schiffer Odom Hicks & Johnson, P.L.L.C.

McGuireWoods, L.L.P.

Counsel for Objector

Olson Firm, P.L.L.C.

Theodore H. Frank, Esq., Competitive Enterprise Institute

Date:  November 22, 2016                    THE BILEK LAW FIRM, L.L.P.

By: */s/ Thomas E. Bilek*
    Thomas E. Bilek

    *Counsel for Lead*
    *Plaintiff and Appellee*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiff-Appellee does not believe oral argument on this motion is necessary in light of the below-cited case law in Plaintiff-Appellee's favor dismissing the appeals of objectors who lack standing or have otherwise waived their right to appeal.

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS ......................................................................................3

LEGAL STANDARD.............................................................................................7

ARGUMENT ..........................................................................................................9

I.      OBJECTOR WAIVED HIS RIGHT TO APPEAL BY FILING AN
        UNTIMELY OBJECTION.............................................................................9

II.     OBJECTOR LACKS STANDING OR HAS WAIVED HIS RIGHT TO
        APPEAL BECAUSE HE FAILED TO PROVIDE PROOF OF HIS
        MEMBERSHIP IN THE CLASS AND WRITTEN NOTICE OF
        INTENTION TO APPEAR AS EXPLICITLY REQUIRED BY THE
        PRELIMINARY APPROVAL ORDER AND NOTICE.............................12

CONCLUSION .....................................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Abeyta v. City of Albuquerque,*
  664 F.3d 792 (10th Cir. 2011) ..........................................................11

*Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores,*
  54 F.3d 69 (2d Cir. 1995) ...................................................................1

*In re Asbestos Litig.,*
  90 F.3d 963 (5th Cir. 1996), *cert. granted and judgment vacated
  on other grounds by Flanagan v. Ahearn,* 521 U.S. 1114 (1997)........9

*Devlin v. Scardelletti,*
  536 U.S. 1 (2002)........................................................................10, 11

*Feder v. Elec. Data Sys. Corp.,*
  248 F. App'x 579 (5th Cir. 2007) ..............................................*passim*

*Garcia-Velazquez v. Frito Lay Snacks Caribbean,*
  358 F.3d 6 (1st Cir. 2004)...................................................................8

*Groendyke Transp., Inc. v. Davis,*
  406 F.2d 1158 (5th Cir. 1969) ............................................................7

*Hill v. Schilling,*
  495 F. App'x 480 (5th Cir. 2012) ......................................................11

*Hill v. State St. Corp.,*
  794 F.3d 227 (1st Cir. 2015)...............................................................9

*In re Integra Realty Res., Inc.,*
  354 F.3d 1246 (10th Cir. 2004) ..................................................14, 15

*Joshua v. United States,*
  17 F.3d 378 (Fed. Cir. 1994) ..........................................................7, 8

*Koselke v. Chi. Heights Glass,*
  No. 97 C 4588,
  1997 U.S. Dist. LEXIS 14037 (N.D. Ill. Sept. 9, 1997) ......................6

*In re Lupron Mktg. & Sales Practices Litig.*,
  677 F.3d 21 (1st Cir. 2012)...................................................................................10

*Maher v. Zapata Corp.*,
  714 F.2d 436 (5th Cir. 1983) ...............................................................................2

*Mills v. Electric Auto-Lite Co.*,
  396 U.S. 375 (1970)...............................................................................................1

*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of
  Mexico, on Apr. 20, 2010*,
  739 F.3d 790, 2014 AMC 984 (5th Cir. 2014) ....................................................8

*SEC v. Forex Asset Mgmt. LLC*,
  242 F.3d 325 (5th Cir. 2001) ............................................................................10

*T.W. v. Spencerport Cent. Sch. Dist.*,
  891 F. Supp. 2d 438 (W.D.N.Y. 2012)................................................................6

*Torrey v. Dep't of Elem. & Secondary Educ. Appeals*,
  952 F. Supp. 2d 304 (D. Mass. 2013)..................................................................6

*United States v. Miami*,
  664 F.2d 435 (5th Cir. 1981) ...............................................................................8

*In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*,
  631 F.3d 913 (8th Cir. 2011) ..............................................................3, 9, 10, 11

## Other Authorities

5th Cir. R. 42.2......................................................................................................7

**INTRODUCTION**

On November 7, 2016, objector-appellant David G. Duggan ("Objector"), an experienced attorney, filed a Notice of Appeal (ECF No. 72)[1] from the District Court's Final Judgment and Order (ECF No. 69)[2] approving a class action settlement. The Settlement resulted in unitholders of Crestwood Midstream Partners LP ("Midstream") receiving previously withheld material financial projections that were necessary for them to assess the fairness of a proposed merger between Midstream and Crestwood Equity Partners LP.

The District Court found that the settlement warranted approval pursuant to the Supreme Court's holding in *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 396 (1970) that actions under Section 14(a) of the Exchange Act which promote "fair and informed corporate suffrage. . . render a substantial service to the corporation and its shareholders." 396 U.S. at 396; *see also Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores*, 54 F.3d 69, 71-72 (2d Cir. 1995) (explaining that in passing Section 14(a), Congress believed that "litigation that enhances suffrage benefits all those eligible to vote. . . . the promotion of corporate suffrage regarding a significant policy issue confers a substantial benefit regardless of the

---

[1] Attached as Exhibit 1 to the Declaration of Thomas E. Bilek in Support of Motion to Dismiss and for Summary Affirmance ("Bilek Decl.").

[2] Attached as Exhibit 2 to the Bilek Decl.

percentage of votes cast for or against the proposal at issue.");[3] *Maher v. Zapata Corp.*, 714 F.2d 436, 466 (5th Cir. 1983) ("[A] settlement may fairly, reasonably, and adequately serve the best interest of a corporation, on whose behalf the derivative action is brought, even though no direct monetary benefits are paid by the defendants to the corporation.").

Lead Plaintiff-Appellee Isaac Aron ("Plaintiff"), on behalf of himself and members of the Settlement Class,[4] respectfully moves this Court for summary dismissal of this appeal and for summary affirmance of the District Court's Final Judgment and Order. While Plaintiff believes the District Court's Order was well-reasoned and correct, and he is prepared to vigorously defend the merits of the Settlement, Plaintiff respectfully submits that summary dismissal of this appeal is warranted. Objector waived his right to pursue or otherwise lacks standing to proceed with this appeal because he filed an untimely objection with the District Court and because he failed to comply with the procedural requirements for objecting and appealing as explicitly set forth in the District Court's Preliminary

---

[3]  All citations and internal quotation marks are omitted and all emphasis is added unless otherwise noted.

[4]  All capitalized terms not defined herein have the same meaning as set forth in the Final Judgment (ECF No. 70), attached as Exhibit 3 to the Bilek Declaration.

Approval Order and the Notice,[5] which Objector admits he received *weeks prior* to the objection deadline.  Objection ¶ 2.[6]  Accordingly, this Court lacks jurisdiction to hear this appeal and it should be dismissed.  *Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 581 (5th Cir. 2007) ("Because [objector] lacked standing to object to the settlement, he cannot now appeal the district court's ruling on his objection."); *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011) ("[A]t a minimum—a shareholder must file a timely and proper objection with the district court before appealing a settlement agreement.").

### STATEMENT OF FACTS

On June 21, 2016, the District Court issued the Preliminary Approval Order preliminarily approving the Settlement and certifying a non-opt-out Settlement Class of Midstream unitholders who held units between May 5, 2015, and September 30, 2015.  The Preliminary Approval Order also directed Defendants to give notice of the Settlement to members of the Settlement Class.  *Id.*

---

[5]  The Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 56) is defined as the "Preliminary Approval Order" and is attached as Exhibit 4 to the Bilek Declaration.  The Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing (ECF No. 64-3) is defined as the "Notice" and is attached as Exhibit 5 to the Bilek Declaration.

[6]  The Objection to Class Action Settlement and Payment of Attorneys' Fees (ECF No. 65) is defined as the "Objection" and is attached as Exhibit 6 to the Bilek Declaration.

The notice administrator mailed notice of the proposed settlement to class members on July 13, 2016.  Miller Aff. ¶ 10.[7]  *The Notice explicitly set forth the deadline to object to the Settlement (21 days prior to the hearing date), and instructed Settlement Class members that they were required to serve and file "proof of membership in the Settlement Class by way of brokerage statement, account statement, or other document evidencing ownership of Crestwood Midstream units" and "a written notice of the intention to appear."*  Notice at 4. *The Notice further advised class members that "[a]ny person who fails to object in the manner prescribed above shall be deemed to have waived such objection and shall forever be barred from raising such objection in the Action or any other action or proceeding*." *Id.*  The Preliminary Approval Order similarly states that "[a]ny member of the Settlement Class who fails to make his, her or its objection(s) in the manner provided herein *shall be deemed to have waived such objection(s) (including any right of appeal)* and shall be forever barred from making any such objection(s), including, without limitation, any objection to the fairness or adequacy of the proposed Settlement, unless otherwise ordered by the Court."  Preliminary Approval Order ¶ 10.

---

[7]  The Affidavit of Eric J. Miller Regarding Mailing of Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing (ECF No. 64) is defined as the "Miller Aff." and is attached as Exhibit 7 to the Bilek Declaration.

Pursuant to the Preliminary Approval Order, Defendants obtained A.B. Data to serve as Notice Administrator.  Miller Aff. ¶ 3.  A.B. Data identified 50,145 unitholders of Midstream stock between May 5, 2015 and September 30, 2015.  *Id.* ¶ 11.  A.B. Data then mailed a total of 50,145 notices to Midstream unitholders.  *Id.* ¶ 13.  *Not a single Midstream unitholder filed an objection prior to the September 23, 2016 objection deadline.*

Objector received the Notice in August 2016, and was aware of the objection deadline.  Objection ¶ 2.  Furthermore, on August 30, 2016, counsel for Plaintiff discussed the Settlement with Objector.  Email Chain at 2.[8]  The Notice set forth the originally scheduled Settlement Hearing date of October 7, 2016, which meant that any objections were originally due September 16, 2016.  The District Court thereafter reset the Settlement Hearing to October 14, 2016 (ECF No. 57),[9] and thus the deadline for filing objections was extended by one week to September 23, 2016.  Order at 4 (ECF No. 69).  Despite having ample time, Objector failed to meet the extended objection deadline.  Plaintiff served Objector with reply papers on October 8, 2016 and reminded Objector of the October 14 Settlement Hearing

---

[8]  The Email Chain Between Plaintiff's Counsel and Objector (the "Email Chain") is attached as Exhibit 8 to the Bilek Declaration.

[9]  The Notice of Resetting (ECF No. 57) is attached as Exhibit 9 to the Bilek Declaration.

date via email on October 5, 2016, and Objector acknowledged receipt.  Email Chain at 1.

On October 3, 2016, Objector filed an untimely objection to the Settlement. Objector argued that he had "good cause" for filing an untimely objection; namely, that he left for a "long-planned European vacation" on September 7, 2016, *at least one full week after* he received the Notice (if not longer),[10] and he did not return until September 21, 2016, *two days before* the objection deadline.  Objection ¶ 2. Such an excuse most certainly does not constitute "good cause," particularly for Objector, who is an experienced attorney and is undoubtedly aware of the importance of meeting court imposed deadlines.[11]  *See* Objection ¶ 7.  Objector also failed to provide the District Court or counsel for the parties with the requisite proof of membership in the Settlement Class.  Instead, Objector filed a two-page

---

[10]  Objector's objection states he received the Notice "sometime in August." Objection ¶ 2.

[11]  *See, e.g., T.W. v. Spencerport Cent. Sch. Dist.*, 891 F. Supp. 2d 438, 441 (W.D.N.Y. 2012) ("Generally, good cause for late filing would be something like postal service error, or in other words, an event that the filing party *had no control over. . . . a scheduled vacation and other commitments did not constitute good cause. . .*"); *Torrey v. Dep't of Elem. & Secondary Educ. Appeals*, 952 F. Supp. 2d 304, 306 (D. Mass. 2013) ("Plaintiff still had two weeks after returning home and receiving her mail to file a notice of appeal. . . . Plaintiff's vacation does not constitute excusable neglect or good cause for her delayed filing."); *Koselke v. Chi. Heights Glass*, No. 97 C 4588, 1997 U.S. Dist. LEXIS 14037, at *5-6 (N.D. Ill. Sept. 9, 1997) ("[Counsel's] circumstances do not constitute good cause for extending a response deadline.  *Counsel could have prepared her response before she left for her European vacation.  If other factors made that impossible, counsel failed to allege them.*").

6

objection asserting, without any documentary proof, that he held 1,375 Crestwood Midstream units "until the November 2015 merger."  Objection ¶ 1.  Objector further failed to file or serve a Notice of Intention to Appear.

The District Court held a Final Settlement Hearing on October 14, 2016. Objector did not appear at the hearing and did not request to appear telephonically. The District Court noted Objector's objection was untimely and granted final approval of the class action settlement.  Order at 4, 12.  Objector filed his Notice of Appeal on November 7, 2016.

## LEGAL STANDARD

Summary disposition is proper when an appeal is frivolous or "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case[.]"  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  In such cases, "the appellate court is not compelled to sacrifice either the rights of other waiting suitors, its own irreplaceable judge-time or administrative efficiency in judicial output by a traditional submission with all the trappings."  *Id.*; *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (collecting cases holding same); *see also* 5th Cir. R. 42.2 ("If upon the hearing of any interlocutory motion. . . it appears to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed.").  A court of appeals may grant summary affirmance even "when there has not yet been

full briefing of the merits, and no oral argument has been held or allowed." *Joshua*, 17 F.3d at 379-80.

As this Court has recognized, an appeal of a class action settlement is properly dismissed before reaching the merits of an objector's claim where the objector lacks appellate standing because of their failure to follow the procedural requirements for objecting. *Feder*, 248 F. App'x at 580-81; *see also In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, 739 F.3d 790, 2014 AMC 984, 1007 (5th Cir. 2014) (declining to consider the merits of "BCA" group of objectors' objections because they failed to comply with the requirements of the district court's preliminary approval order). Dismissal and summary affirmance is appropriate under such circumstances because "federal courts should not assume jurisdiction over a claim and then reject it on the merits, but should decide jurisdiction first." *Feder*, 248 F. App'x at 580 (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-94 (1998)); *see also United States v. Miami*, 664 F.2d 435, 444-45 (5th Cir. 1981) ("Although no party challenges either our jurisdiction or the intermeshed question of standing to appeal the decree, we have, as we are obligated to, considered these questions."); *Garcia-Velazquez v. Frito Lay Snacks Caribbean*, 358 F.3d 6, 8 (1st Cir. 2004) ("In every case, we are required to satisfy ourselves of jurisdiction.").

Standing is a jurisdictional issue, and therefore, where an objector lacks standing, a court of appeals lacks jurisdiction and should dismiss the appeal. *See Feder*, 248 F. App'x at 581; *In re Asbestos Litig.*, 90 F.3d 963, 990 (5th Cir. 1996) (holding that where a purported class member lacks standing to appeal, the court lacks jurisdiction to consider his appeal), *cert. granted and judgment vacated on other grounds by Flanagan v. Ahearn*, 521 U.S. 1114 (1997). Indeed, other courts of appeals have similarly dismissed appeals brought by class action objectors who lacked standing. *See, e.g. In re UnitedHealth Grp. S'holder Derivative Litig.*, 631 F.3d at 916 (granting motion to dismiss class action objector's appeal because objector "did not timely object with the district court, he has no right to appeal its order."); *Hill v. State St. Corp.*, 794 F.3d 227, 230-31 (1st Cir. 2015) (staying appellee's need to file any opposition to the appeal and summarily dismissing the appeal by class action objector for lack of standing).

## ARGUMENT

## I.  OBJECTOR WAIVED HIS RIGHT TO APPEAL BY FILING AN UNTIMELY OBJECTION

This appeal should be dismissed and the District Court's Final Judgment summarily affirmed because Objector filed an untimely objection with the District Court and therefore waived his right to appeal. "Timely objection is a requirement for a shareholder to appeal a settlement agreement. . . ." *UnitedHealth Grp.*, 631 F.3d at 918.

The Eighth Circuit's holding in *UnitedHealth Group* is on point and flows directly from the Supreme Court's holding in *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002). In *Devlin*, the Supreme Court created a narrow exception to the general rule that "[o]nly parties to a civil action may appeal from a final judgment." *In re Lupron Mktg. & Sales Practices Litig.*, 677 F.3d 21, 29 (1st Cir. 2012) (citing *Devlin*, 536 U.S. at 7); *see also SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 329 (5th Cir. 2001) (noting that this Court had "strictly enforced the rule that non-parties may not appeal in the class action context. . . ." without first intervening). While "[t]he Supreme Court has applied this rule strictly, and has generally rejected attempts to craft exceptions to the rule," *In re Lupron Mktg. & Sales Practices Litig.*, 677 F.3d at 29, in *Devlin* the Supreme Court held that "nonnamed class members . . . *who have objected in a timely manner* to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." 536 U.S. at 14 (emphasis added).

The Supreme Court in *Devlin* struck a balance between competing policy concerns by holding that while intervention is no longer necessary for a nonnamed class member to appeal, a *timely* objection is a prerequisite to pursuing an appeal. *Id*. at 13-14. The Supreme Court also provided instructions for courts of appeals faced with appeals from untimely objectors – "*dealing with untimely objections -- implicates basic concerns about waiver and should be easily addressable by a*

*court of appeals.*" *Id.* at 13; *see also Hill v. Schilling*, 495 F. App'x 480, 487 (5th Cir. 2012) ("Where a party's appeal is barred by a valid waiver, the appeal will be dismissed.").

In *UnitedHealth Group*, the Eighth Circuit, relying upon the Supreme Court's guidance in *Devlin*, dismissed an appeal by an untimely objector and held that:

> [A]**t a minimum—a shareholder must file a timely and proper objection with the district court before appealing a settlement agreement**. *See In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257-58 (10th Cir. 2004) (dismissing appeal where objector failed to follow proper procedure for filing objection). This requirement follows from the fundamental principle of waiver. *Devlin*, 536 U.S. at 13 (dealing with untimely objections "implicates basic concerns about waiver and should be easily addressable by a court of appeals"). **A shareholder—or an unnamed class member for that matter— must file a timely objection pursuant to district court procedure, or else he loses any right he would have otherwise had to appeal a settlement agreement**.

631 F.3d at 917; *see also Abeyta v. City of Albuquerque*, 664 F.3d 792, 796 (10th Cir. 2011) (holding that the *Devlin* exception to the general rule that nonparties cannot appeal a district court judgment only applies "where the nonparty has a unique interest in the litigation and becomes involved in the resolution of that interest in a *timely fashion both at the district court level* and on appeal.") (emphasis added).

Based on the foregoing authority, Objector lacks appellate standing or has otherwise waived his right to appeal, as he failed to file a *timely* objection despite

11

acknowledging he received the Notice weeks before the objection deadline, and he also did not seek to intervene in the action.

**II.    OBJECTOR LACKS STANDING OR HAS WAIVED HIS RIGHT TO APPEAL BECAUSE HE FAILED TO PROVIDE PROOF OF HIS MEMBERSHIP IN THE CLASS AND WRITTEN NOTICE OF INTENTION TO APPEAR AS EXPLICITLY REQUIRED BY THE PRELIMINARY APPROVAL ORDER AND NOTICE**

In addition to failing to file a timely objection, Objector also lacks standing or has waived his right to appeal because he failed to comply with the procedural requirements for filing an objection.  Specifically, Objector failed to file and serve: (a) adequate proof of membership in the Settlement Class and; (b) a written notice of intention to appear.  *See* Notice at 4; Preliminary Approval Order at ¶ 10.

Objector, as "the party seeking to establish jurisdiction, bears the burden of proving standing."  *Feder*, 248 F. App'x at 581 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  Objector lacks standing here because he failed to "establish[] by proof [] his class membership."  *Feder*, 248 F. App'x at 581 (citing *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 974-75 (E.D. Tex. 2000)) (noting that objector who had failed to substantiate his membership in the class did not have "proper standing" to object to class action settlement.).

In *Feder*, this Court dismissed an appeal without reaching the merits "[b]ecause [objector] did not prove his membership in the class, [and] he [therefore] lack[ed] standing to object."  248 F. App'x at 580.  This Court held that

an objector's "*unsupported claim of [stock] ownership in his objection letter,*" which did not include any other "evidence substantiating his membership in the class," was insufficient to allow the objector to pursue an appeal:

> **Aside from Urbanik's unsupported claim of ownership in his objection letter, and the statements made by his attorney at the settlement hearing, Urbanik produced no evidence substantiating his membership in the class**. In this case, where the proof of claims period has closed and the settlement has been finally approved by the district court, the burden of proving class membership cannot be satisfied by the appellant's unsupported assertions of class membership. Urbanik did not submit a proof of claim form. **Nor did he provide the documentary evidence required by the claim form to support his contention that he bought or sold EDS stocks during the class period.** His objection did not include the required information as to the number or type of EDS securities that Urbanik alleges to have dealt in during the period. Allowing someone to object to settlement in a class action based on this sort of weak, unsubstantiated evidence would inject a great deal of unjustified uncertainty into the settlement process.

*Id*. at 581.

Here, the Notice and Preliminary Approval Order required objectors to submit "proof of membership in the Settlement Class by way of brokerage statement, account statement, or other document evidencing ownership of Crestwood Midstream units[.]" Notice at 4; Preliminary Approval Order ¶ 10. Objector failed to provide anything other than his objection stating that he held 1,375 Midstream units "until the November 2015 merger[.]"  Objection ¶ 1. Again, *Feder* is on point:

We do not, in this opinion, venture to set a bar for the quantum of proof necessary to establish class membership for the purpose of objecting to a settlement. **Rather, we simply note that the right to object to settlement in a securities class action must rest on something more than the sort of bare assertions of stock-ownership made by Urbanik. Because Urbanik lacked standing to object to the settlement, he cannot now appeal the district court's ruling on his objection**.

*Feder*, 248 F. App'x at 581.

Objector has similarly made only a "bare assertion" that he was an owner of Midstream units, and failed to submit proof of membership through a brokerage statement, account statement, or other document as explicitly required by the Preliminary Approval Order and Notice. Objector therefore lacks standing to pursue his appeal and this Court lacks jurisdiction, warranting dismissal. *Id.*

Objector also lacks standing to appeal because he failed to file a Notice of Intention to Appear, as required by the Notice and Preliminary Approval Order. *See In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1258 (10th Cir. 2004). In *Integra*, the Tenth Circuit held that an objector, Dominic Gioioso, "who filed written objections" but failed to "file a Notice of Intention to Appear and Object…did not take the procedural steps necessary to have 'objected during the fairness hearing' as required by *Devlin*." 354 F.3d at 1255, 1258 (quoting *Devlin*, 536 U.S. at 11). It made no difference that "[t]he district court allowed class members to file comments on the settlement agreement in writing without making an appearance at the fairness hearing," as the requirement that class members file a

14

Notice of Intention to Appear was clearly set forth in the Notice and was a prerequisite to "preserv[ing] a right to contest the approval of the settlement. . . ." *Id*.

Here, as in *Integra*, the Notice and Preliminary Approval Order made clear that while objectors were not required to appear at the Settlement Hearing, they were required to file and serve their submissions in accordance with the procedures set forth in the Notice, and that "[*a*]*ny person who fails to object in the manner prescribed above shall be deemed to have waived such objection and shall forever be barred from raising such objection in the Action or any other action or proceeding*." Notice at 4; Preliminary Approval Order ¶ 10 ("[a]ny member of the Settlement Class who fails to make his, her or its objection(s) in the manner provided herein *shall be deemed to have waived such objection(s) (including any right of appeal). . . .).* Objector's appeal should therefore be dismissed on this basis as well.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this appeal should be summarily dismissed and the District Court's order and judgment granting final approval of the Settlement should be summarily affirmed. [12]

---

[12] Plaintiff reserves his right to move for an award of costs, including attorney's fees, pursuant to Fed. R. App. P. 39, and for damages and single or double costs pursuant to Fed. R. App. P. 38.

Pursuant to 5th Cir. R. 27.4, Plaintiff has contacted counsel for Objector and Defendants regarding this Motion. Defendants have indicated that they take no position with respect to this Motion and do not intend to file opposition. Objector has indicated he intends to file opposition.

Date: November 22, 2016.                    Respectfully submitted,


                                        _____*/s/ Thomas E. Bilek*_____
                                        Thomas E. Bilek
                                        THE BILEK LAW FIRM, L.L.P.
                                        700 Louisiana, Suite 3950
                                        Houston, TX 77002
                                        Tel.: (713) 227-7720
                                        Email: tbilek@bileklaw.com

                                        Nadeem Faruqi
                                        FARUQI & FARUQI, LLP
                                        685 Third Avenue, 26th Fl.
                                        New York, NY 10017
                                        Telephone: (212) 983-9330
                                        Facsimile: (212) 983-9331

                                        *Counsel for Lead Plaintiff and Appellee*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(1)(E), the undersigned certifies that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).  This brief was prepared using Microsoft Word 2012 and contains 3,378 words of proportionately spaced text.  The type face is Times New Roman, 14 point font.

Date:  November 22, 2016                    THE BILEK LAW FIRM, L.L.P.

By:  */s/ Thomas E. Bilek*
Thomas E. Bilek

*Counsel for Lead*
*Plaintiff and Appellee*

# CERTIFICATE OF SERVICE

I certify that on November 22, 2016, the foregoing Lead Plaintiff's Motion to Dismiss and for Summary Affirmance was filed with the Clerk of Court using the CM/ECF System, which sends notice of such filing to the registered CM/ECF users in this matter:

Elizabeth Chinyere Brandon
BARNES & THORNBURG, L.L.P.
2100 McKinney Avenue
Dallas, TX 75201
(214) 258-4115

Michael Terrell Murphy
K & L GATES, L.L.P.
1000 Main Street
Houston, TX 77002
(713) 815-7353

Kenneth Prager Held
SCHIFFER ODOM HICKS & JOHNSON, P.L.L.C.
700 Louisiana Street
Houston, TX 77002
(713) 255-4107

Leif A. Olson
OLSON FIRM, P.L.L.C.
4830 Wilson Road
Humble, TX 77396
(281) 849-8382

Michael C. Holmes
VINSON & ELKINS, L.L.P.
2001 Ross Avenue
Trammell Crow Center
Dallas, TX 75201-2975
(214) 220-7814

James Gregory Waller
ANDREWS KURTH KENYON LLP
600 Travis Street
Houston, TX 77002
(713) 220-4790

Charles B. Hampton
MCGUIREWOODS, L.L.P.
600 Travis Street
Houston, TX 77002
(713) 353-6683

Date:  November 22, 2016

By:  */s/ Thomas E. Bilek*
Thomas E. Bilek

*Counsel for Lead
Plaintiff and Appellee*